The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Okay, please be seated. We're here to proceed with R.A. v. McClenahan, and Mr. St. we'd be happy to hear from you. Thank you, Your Honor. Colin St. here on behalf of the school officials, the appellants in this action. I want to note at the outset for the court... Do you want to speak up for us? I'm sorry, Your Honor. I want to note for the court at the outset that the alleged bad actor, Ms. Johnson, is not an appellant. She is still a defendant in this case, as is her employer, the board. The question before this court is whether the school officials need to remain defendants in this case. And the answer to that question is squarely no, for two reasons. Number one, the second amended complaint, the factual allegations, like the first amended complaint, do not allege any of the piercing exceptions for the school officials' public official immunity. This court in June of 22 carefully analyzed the allegations of the first amended complaint and determined that those allegations do not pierce the school officials' public official immunity. Her earlier ruling was not a jurisdictional or venue ruling. It was a merits ruling, and that was that there was an entitlement to public official immunity because there was no intent on the part of the school principal to harm. So it was a straight-up merits ruling, not a jurisdictional ruling. And a merits ruling, of course, is presumptively dismissal with prejudice. That's my understanding as well, Your Honor. And the second reason why these defendants do not need to be defendants anymore is because the district court failed to effectuate the letter and the spirit of this court's mandate from June of 2022. This court very clearly stated the school officials, the claims against the school officials, must thus be dismissed. And, Your Honor, to your point, that was a dismissal with prejudice. I mean, this was all relatively simple. Judge Thacker and I were on that earlier appeal, and we issued an opinion, the two of us, indicating that in about as explicit terms as we could possibly make it, that the state law claims against appellants must thus be dismissed, and the district court decision to the contrary must be reversed. And it seems to me that regardless of whether one agrees or disagrees with the ruling, our own authority is at stake here. And the basic question is whether district courts are required to respect our mandates or whether they are not. Yes, Your Honor, I would agree with that. And the mandate rule is very clear. District courts must respect this court's mandate, which, as you stated, was exceedingly clear. These issues were conclusively decided. We now have the same four defendants that this court ordered dismissed, the same exact claims as admitted by the plaintiffs that they were not adding any additional claims, only allegations. And that is a violation of the letter and the spirit of this court's mandate. I've seen some close mandate questions, but this is not speaking purely for myself. This is not a close case. We told the district court what to do, and the district court did not do it. And sometimes district courts get their back up when they're reversed. And so they look for ways to circumvent what we say. And so I think this is a much more basic question than whether the first decision was right or wrong. I happen to think he was absolutely right, and Judge Thacker and I were in the majority there. But quite beyond that, it seems to me the question is whether we're going to sit here and see our rulings disregarded. And if we treated the Supreme Court's remands in the way that our earlier decision was treated, we're in a difficult position indeed. Yes, Your Honor. And importantly, this wasn't a remand. It was a reversal. This court is very clear when it remands... When we remand for further proceedings, we make that clear. Yes. But, you know, I remember writing the line. Yes, Your Honor. There are exceptions, as this court is well aware, to the mandate rule, and none of them apply here. Given all of that, and I'm well aware that Judge Motz's opinion was concurrence, but she did mention in her concurrence, in my view, on remand, the district court should consider rendering the dismissal of these negligent claims as without prejudice to allow RA a chance to amend her complaint. What do you make of that? I think there's two important clauses of that footnote. Number one, in my view, meaning my understanding is not in your view, Judge Wilkinson, or your view, Judge Thacker. In her view, that is my understanding as well. And then secondly, she says on remand, but again, this wasn't remanded. It was reversed. There was no remand here for there to be a dismissal without prejudice. This court ordered it to be dismissed with prejudice, and that wasn't done by the district court. The district court seemed to imply that the parties had something to do. This court is very clear. It's the district court that has to effectuate the letter and the spirit of the mandate, not the parties. There wasn't anything else for the parties to do here. We have a lot of, everybody writes an occasional concurring opinion. I think probably all three of us have written concurring opinions. And sometimes concurring opinions can be useful, but the controlling opinion is the majority opinion of the court. And that's got to be pretty basic. It's the majority opinion. I agree with that, Your Honor. None of the exceptions to this court's mandate apply here either. There's no claim of controlling legal authority changing dramatically. There is no claim there's blatant error by this court. The only claim is that there's significant new evidence not earlier obtainable by due diligence. There are two issues with that. Number one, there wasn't due diligence. Plaintiffs have not proven there was due diligence, and they can't, because they made no attempt to obtain what they claim is the significant new evidence until January of 2023, after this court issued its mandate. The law enforcement records were discoverable earlier under state statute 132-1.4a. They never applied to the criminal court, the North Carolina Superior Court, to obtain the law enforcement records. That is a lack of due diligence by plaintiffs and does not meet the standard for an exception to the mandate rule. Additionally, the evidence itself isn't significant. It's not an extraordinary circumstance. It's quite an ordinary circumstance to request the law enforcement records when there is an underlying criminal charge. And the underlying criminal charge here was alleged in the First Amendment complaint. So it's not that the criminal case happened after the First Amendment complaint was filed. It happened long before the First Amendment complaint was filed. They haven't shown that this is significant, and it doesn't show... There was no finding on the part of the district court that that evidence was unavailable. That's correct, Your Honor. There was no finding that it was unavailable because it was available. Additionally, I've never seen what the new evidence is that plaintiffs claim is significant. The district court never saw it. This court cannot see it. It's not in the record. All we have are plaintiffs' summaries of what is in this, quote-unquote, significant new evidence. But the evidence didn't change the landscape whatsoever for these four school officials. There are no new allegations against the superintendent, Mr. Johnson, while G.A., the minor plaintiff, was Ms. Johnson's student. There are no new allegations for the special education director, Ms. McCleanahan, while G.A. was Ms. Johnson's student. There are no new allegations against the principal, Principal Kluwer, while G.A. was Ms. Johnson's student. I sat on some cases where I dissented. And when the case went back to the district court, or where I wrote a concurring opinion, and the case went back to the district court, and the district court cited either my dissent or concurrence in an attempt to avoid the majority opinion. And I said, I remember, I said, look, it doesn't matter what I said earlier in dissent. It doesn't matter what I said earlier in a concurrence. The majority's mandate is what matters. I'm going to join you totally and wholeheartedly in slapping the district court down for that. And I believe that is the correct result in this case, for this court to say, we meant what we meant. These claims must be dismissed against these four school officials. And it was error for the district court to allow the same claims against the same school officials to proceed in the second amended complaint. I'm happy to address the allegations of the second amended complaint, if that would be helpful for the court to describe the differences. But if not, I'm happy to see the rest of my time. Let me see if my colleagues have further questions. We have no further questions. Thank you, Your Honor. Good morning, Your Honor. Stacey Gahagan. I'm here with my colleague, Natalie Mack, and we're on behalf of R.A. and her son, J.A. I will focus my comments to you today with regards to the issues that you raised with the mandate rule and the decision that was issued by the majority of the panel in the last decision. So the majority issued the decision. The final part of the decision indicated that it was reversed. There were no directions. There were no specific instructions to the district court to dismiss with prejudice, to dismiss without prejudice. Just that the bottom line was reversed. And when something is reversed, the reversal acts as an annulment, and it sets aside the decision and puts it back where it was before. It's not my understanding that an appellate court can dismiss a case without sending it back to the district court to effectuate that dismissal. And when, as this court has approved, when a court issues, when an appellate court issues a decision that doesn't have specific instructions, then it's the burden of the district court to look at the decision as a whole, including any concurring and dissenting opinions, and the analysis, and to make the best determination that it can. And that's what Judge Bell did in this case. And based on after doing that... I'm just not anxious, frankly, and to me it's a very simple matter. I'm not anxious to sit up here and send a signal to district courts that they're free to disregard the mandate of this court. And there are close cases about that, but this isn't one of them. We could not have expressed ourselves more explicitly than we did in this case. And that's unfortunate from your point of view, because now because of what the district court did, we have a whole other appeal that was unnecessary had the district court paid basic respect to what we did earlier. We don't need to be here. We didn't need to run the clock anymore. And, Your Honor, if I could just respond to that. I think if you look at the opinion as a whole, and I do want to kind of go to what the bottom line is, which is simply reversal. What were you talking about when you talk about waiving issues in the notice of appeal? Oh, Your Honor, what I was addressing with that was that only Mr. Johnson raised that the magistrate chose not to address... That's going to, you know, as if the failure to follow the mandate isn't directed at undercutting the Court of Appeals. The whole idea that we're going to have arguments now over waivers of issues and notices of appeal, I mean, I've seen issues waived in briefs and I've seen issues waived in oral arguments, but I haven't seen a whole lot of, a great many questions about whether someone had waived an issue with respect to the notice of appeal. So, I mean, we're going to get... That seems to me a very litigious concept. Well, I'm sorry, Your Honor, the final decision, just in response, the final decision or the final page of the magistrate's recommendation indicated very clearly that if you wanted the district court to review any portion of the decision... Well, the general rule, I don't know... You waive an issue by not... By waiving it before the trial court, you waive an issue or forfeit an issue by not raising it before the trial court. And you may waive an issue by not briefing it at the Court of Appeals, but I had not regarded a notice of appeal as a particularly fertile ground for arguments over waiver. That strikes me as strangling our own review. So, Your Honor, as indicated on JA 927, the last page of the magistrate's recommendation, it cites to this court's decision in Diamond v. Colonial Life and says that any failure to file objections to any portion of the memorandum constitutes a waiver of the right to de novo relief by the district judge. Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. And that was the basis of our argument that the other appellants, with the exception of Mr. Johnson, had waived. Do you have anything further? Just a couple more comments, Your Honor, in regard to reviewing the... with the decision from Shakespeare Company that was from the District Court of South Carolina, which was affirmed by this court with regard to what district courts are supposed to do when there aren't specific directions on remand. And if you look at the decision that you issued as a whole, I do understand that at the end what your conclusion was was that the claims had to be dismissed. The crux of that decision was that RA had not made even a bare or conclusory allegation that she had not properly pled the exceptions to the piercing. And so from that standpoint, when you read that decision as a whole, that was what Judge Bell indicated that his decision would have been to dismiss it without prejudice and to allow us to amend the complaint as he has permitted us to do. With regard to the issue of new evidence, I do just want to be clear that that evidence was not available to us. We were still trying to get that evidence. It required a consent order from the district court. The record was closed. It was expunged. It's not something that we could just... I mean, we tried to ask for evidence prior to that. And the investigative reports that we received allowed us to add additional allegations to support the defendant's, the appellant's knowledge of the issues and the issues that we were bringing before the court to be able to support and bring more heft to the factual allegations in support of our allegations of malice and the actual intent and the corruption. You're trying to get into the merits. No, sir, I'm not trying to get into the merits. I'm trying to answer the question about the second exception that Mr. Saint was raising as to why there is not to the mandate rule. To the extent that this court finds, as I believe that you do, that the first opinion was specific and ordered a specific outcome to the district court that the district court did not follow, the second exception to the mandate rule is when there is additional evidence, and that's new evidence that was not priorly attainable. And so I'm answering those parts of the argument as well. And so those are the additional allegations that are in. Are you saying both exceptions apply or just now the second exception? So, Your Honor, I think that the second exception is the one that we've argued in this brief as the, as why it doesn't apply, why the mandate rule would not apply. So that, and that was that we did have additional information that we received after we had the protective order from the district court from the sheriff's office. We don't have the rest of the file yet from the district court because discovery has now been stayed. But that initial report, the investigative report from the police, allowed us in the second amended complaint to add additional factual allegations regarding the numerous other reports, admissions from the appellant saying that they had received those reports. We applied the exceptions. In this case, the exceptions would swallow the rule. I appreciate that, Your Honor. I don't, I mean, those are, from our perspective, the court did not issue a direct instructions. This court has in many, many cases, and I can tell you, I've watched the opinions that come out of this court to see how the language is. And they provide very clear direction, reversed with directions to dismiss with prejudice or to dismiss without prejudice or to dismiss as moot. In this case, the only direction that was there was reversed. And when you look at the case as a whole, including the concurrence, and you look at the reasoning, the district court determined that he had the right to dismiss it without prejudice. Well, I was shocked by what happened here. Because I've not seen district courts operate in this kind of fashion before. I literally, I was shocked by what the district court did here. And I note that you disagree and that you felt like that it was very clear. So I think that, I mean, if you have additional questions, I don't want to belabor your time if you feel that it was clear and that the district court violated the mandate rule. We contend that they acted within the discretion because there were not specific instructions. Thank you. Thank you, Your Honor. Do you have anything further to say? I'm happy to answer any of the court's questions if you have any. I appreciate the court's comment that continuing to belabor the point is a waste of judicial resources. I agree. We would have to repeat discovery if this court reopened this matter. There's been eight months that passed between the mandate. I think you've laid out your arguments in your brief. Thank you, Your Honor. Then I ask this court to reverse, again, the district court's decision to allow the second amended complaint to continue and make clear that this is a dismissal with prejudice, that these school officials have public official immunity, and the purposes of both the mandate rule and public official immunity are served by this court making that decision. These school officials deserve finality. We understand. Thank you, Your Honor. We'll come down. We'll agree counsel, and then we'll proceed to our final case.
judges: J. Harvie Wilkinson III, Robert B. King, Stephanie D. Thacker